## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES JOSEPH MEADE, III** | : | **CIVIL ACTION 2:14-cv-656** |
| **FED. REG. # 20320-075** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner James Meade (hereinafter "Meade"). Doc. 1. Meade is an inmate in the custody of the Federal Bureau of Prisons (hereinafter "BOP"), and he is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana (hereinafter "FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

### I. Background

Meade is a BOP inmate serving an 84-month sentence for a firearm related conviction imposed by the United States District Court for the Middle District of Tennessee. Doc. 1, pp. 1, 2. In his application Meade complains that he was denied appropriate consideration for full term placement in a Residential Reentry Center (hereinafter "RRC"). Specifically he states that at a mandatory program review meeting with his unit team case worker, he was told that six months in a halfway house was enough time for him. Doc. 1, att. 2, p. 7.

Meade also claims that his due process rights have been violated by the BOP's refusal to formulate policies and implement procedures in regard to RRC placement.  Doc. 1, att. 1, p. 1. Furthermore, Meade asserts that the aforementioned actions amount to a constitutional equal-protection violation because the BOP does not make placement decisions on an individual basis. Doc. 1, att. 1, p. 3.

As relief for these alleged violations, Meade seeks immediate placement into a residential reentry center.  Doc. 1, att. 1, p. 10.

## II.
### Legal Standards

**A.  Habeas Corpus as the Vehicle for Challenging RRC Placement Decisions**

Pursuant to 28 U.S.C. § 2241, a federal prisoner may challenge the manner in which his sentence is being executed by filing an application for a writ of *habeas* in the judicial district where he is incarcerated. In order to state a claim for relief pursuant to 28 U.S.C. § 2241, a habeas corpus petitioner must allege and establish that he is in custody in violation of the Constitution and laws of the United States.

Importantly, for purposes of the instant case, it is well established that a prisoner may utilize the provisions of § 2241 to challenge the BOP's regulations in regard to placement in an RRC, Community Corrections Center, or halfway house.  *See e.g. Mihailovich v. Berkebile*, 2007 WL 942091 (N.D. Tex. 2007)(unpublished).   In, *Mihailovich,* a BOP inmate challenged the BOP's refusal to place him in an RCC.  Citing *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (5th Cir. 2005), the court held that:

> confinement in a traditional federal prison is 'qualitatively different' from community confinement, and thus justifies utilization of § 2241 for challenging BOP regulations regarding placement in a CCC. 432 F.3d at 243-44.  In light of *Sonnier v. Francis*, 217 Fed. App'x. 410 (5th Cir. 2007)…,the facts of *Carson v. Johnson*, 112 F.3d 818 (5th Cir.

1997), and petitioner's lack of recourse, the Court finds that petitioner properly invoked jurisdiction under § 2241."

*Mihailovich*, 2007 WL 942091 at 4.

## B. Exhaustion

Before Meade may seek relief from this court under § 2241, he must first have exhausted the administrative remedies provided by the BOP. *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Lundy v. Osborn*, 555 F.2d 534, 534–35 (5th Cir. 1977). The undersigned is satisfied that Meade has done so in this case.[1]

## C. Governing Statutes

The BOP's discretion to place an inmate in an RRC is governed by 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c)(1).  Section 3621(b) grants the BOP the authority to designate the place where the inmate will be imprisoned.  This section states, in pertinent part:

The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence—

    (A)  concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B)  recommending a type of penal or correctional facility as appropriate; and

---

[1] See Meade's ARP's and the responses thereto at doc. 1, att. 2, pp. 3-10;  doc. 1, att. 2, p. 22; doc. 1, att. 2, pp. 34-39; doc. 1, att. 2, pp. 42-44; and doc. 1, att. 2, pp. 47-50.

(5) any pertinent policy statement issued by the Sentencing Commission….

Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

18 U.S.C. § 3621(b) (2013).

The latter statute, 18 U.S.C. § 3624(c)(1), governs the amount of time that a prisoner may be assigned to an RRC before final release.  The Second Chance Act of 2007, Pub.L. 110-199, 122 Stat. 692 (April 9, 2008) amended the provisions of § 3624(c)(1) and extended the maximum time from six to twelve months.

In addition, the Second Chance Act required the BOP to formulate regulations[2] which would ensure that placement in an RRC is: (1) conducted in a manner consistent with section 3621(b); (2) determined on an individual basis; and (3) of sufficient duration to provide the greatest likelihood of successful integration into the community. 18 U.S.C. § 3624(c)(6).

Thus, we note that it is clear from the language referenced above that 18 U.S.C. § 3624(c) does *not* automatically entitle an inmate to placement in an RRC. *Elmore v. Cruz*, 2011 WL 1602592 (N.D. Tex. 2011).  Notwithstanding Meade's claims to the contrary, the statute simply directs the BOP to *consider* placing an inmate in an RRC for up to a 12-month period.

---

[2] The BOP issued its interim rule to conform with the Second Chance Act on October 21, 2008. 73 FR 62440–01. On November 14, 2008, BOP officials issued an additional guidance memorandum which stated that "*RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances* justifying [such] placement . . . ." *Id.* (emphasis added). The BOP issued another memorandum on June 24, 2010, which provided that "decision-making practices are to focus on RRC placement as a mechanism to reduce recidivism," and notes that RRC resources are limited and must be focused on the inmates likely to benefit in anticipated recidivism reduction. *Id.*

*III.*
*Discussion*

**A.  No Violation of Statutes or Policy**

Meade has failed to identify an actual policy of FCIO or the BOP which violates his constitutional rights.  Despite his claims, it appears that the FCIO prison authorities complied with the requirements of 18 U.S.C. §§ 3621 and 3624 in making their recommendation with regard to his RRC placement.

As was stated in Warden Maiorana's response to Meade's BP-10, "[a] review of your Sentence Monitoring Computation Data indicates your release date is December 22, 2015.  You will be reviewed for [RCC] placement 17-19 months prior to your release date.  It is recommended that you consider enrolling in all required release preparation classes."  Doc. 1, att. 2, p. 39.  A later response noted that Meade's pre-release preparation date was June 22, 2015.  Doc, 1, att. 2, p. 10.  Finally, a third response informed Meade that his case did not warrant immediate RRC placement and that his Unit Team would continue to evaluate his case at the regularly scheduled program review meetings.  Doc. 1, att. 2, p. 47.  These documents show that Meade's placement issues are and were at all times throughout this action being reviewed and evaluated by his case manager at FCIO, and that appropriate recommendations would be made accordingly.

Consequently, we find that Meade's claims against the BOP and FCIO with respect to his RRC placement are without merit.

**B.  Meade Failed to State an Equal Protection Claim**

Meade further alleges that certain "similarly situated" inmates get additional amounts of extended RRC placement.  Doc. 1, att. 1, p. 7.  Other than this conclusory allegation, Meade fails to provide us with even the slightest scintilla of evidence that there is any such policy in place at

FCIO which favors some inmates over others whether they happen to be "similarly situated" or not. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (conclusory assertions are insufficient to state an equal protection claim). Accordingly, we find that Meade's Equal Protection claim also lacks merit.

### IV.
### Conclusion

For the reasons set forth fully above,

**IT IS RECOMMENDED** that the Application for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE** because Meade has not shown that he is in custody in violation of the Constitution or laws of the United States.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Serv. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 18th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE